UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RICHARD C. COE, BARBARA ANNE COE, H. DOUGLAS COE, JR., and PEAK ENERGY CORPORATION<br><br>Plaintiffs,<br><br>v.<br><br>CHESAPEAKE EXPLORATION, LLC and CHESAPEAKE ENERGY CORPORATION<br><br>Defendants. | CIVIL ACTION NO. 2:09-cv-290-TJW |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs' motion for attorneys' fees and Plaintiffs' motion for costs. (Dkt. Nos. 134, 135, 138.) Defendants Chesapeake Exploration, LLC and Chesapeake Energy Corporation (collectively, "Chesapeake") dispute the amount of attorneys' fees requested, but are willing to stipulate that an award of $400,000 in attorneys' fees is reasonable. The parties have stipulated that the costs recorded on the Bill of Costs of $19,851.92 are properly chargeable to Defendants. (Dkt. No. 139.) For the following reasons, the Court GRANTS-in-part Plaintiffs' motions and holds that Plaintiffs should recover $434,951.80 in attorneys' fees and $19,851.92 in costs.

## I.   BACKGROUND

This case involves an uncompleted sale of oil and gas properties in Harrison County, Texas between Plaintiff Peak Energy Corporation ("Peak") and Defendants Chesapeake. In early 2008, Chesapeake was on a "land grab" in eastern Texas and western Louisiana seeking to acquire as much acreage as it could in the Haynesville Shale formation. In the midst of its land

grab, Chesapeake entered into a contractual relationship with a long-time east Texas oil man named Greg Wood. Mr. Wood contacted Peak's Mr. Coe on June 30, 2008, regarding a potential acquisition of Peak's deep rights. Mr. Wood explained that Chesapeake wanted to acquire all of Peak's rights in the Haynesville Shale. Mr. Wood and Mr. Coe reached an agreement on July 1, 2008. After orally agreeing on the terms of their agreement, Mr. Coe requested that the agreement be memorialized in writing. On July 2, 2008, Chesapeake's Executive Vice President, Doug Jacobson, emailed the Offer to Purchase Letter ("the Letter") to Peak's Vice President, Richard Coe, proposing to purchase "deep rights" underlying certain oil and gas leases owned by Peak, purporting to cover approximately 5404.75 net acres in Harrison County, Texas. Following the execution of the Letter, the parties worked to prepare final closing documents to transfer title and ownership to the mineral interest in Harrison County. On October 15, 2008, Chesapeake informed Mr. Coe that Chesapeake would not close on the transaction to complete its performance under the Letter. On September 24, 2009, Plaintiffs filed this lawsuit against Chesapeake seeking to enforce the Letter.

The Court presided over a bench trial in the above-titled civil action that lasted three days. The first two days of the trial were held on September 21st and 22nd of 2010. At the conclusion of the second day, the Court informed the parties that the record was going to be kept open while the Court contemplated appointing an expert pursuant to Fed. R. Evid. 706(a). After giving the parties notice and an opportunity to object, the Court then appointed William M. Huffman, an attorney in Marshall, Texas, as the court-appointed expert. (Dkt. No. 107.) The Court also made partial Finding of Facts on October 28, 2010. (Doc. No. 106.) On November 11, 2010, Mr. Huffman submitted an expert report providing his analysis and answers to the Court's questions. (Dkt. No. 111.) Mr. Huffman was then deposed by the parties on November

22, 2010. (Dkt. Nos. 115 and 117.) The final day of trial was held on December 28, 2010, which consisted of the parties and the Court cross-examining Mr. Huffman. On March 25, 2011, the Court entered its Finding of Facts and Conclusion of Law, which concluded that Plaintiffs were entitled to recover their reasonable attorneys' fees and costs from Chesapeake. (Doc. No. 127.) The Court then ordered Plaintiffs to submit evidence of their reasonable attorneys' fees and cost.

## II. LEGAL STANDARD

The Court finds that pursuant to Tex. Civ. Prac. & Rem. Code § 38.001, Plaintiff's are entitled to recover their reasonable attorneys' fees and costs from Chesapeake. *Coffel v. Stryker Corp.,* 284 F.3d 625, 640 (5th Cir. 2002) ("The award of reasonable attorneys' fees is mandatory under § 38.001 if the plaintiff prevails in his or her breach of contract claim and recovers damages.") (citation omitted). Once the court determines that a plaintiff is entitled to attorney's fees, it must calculate the appropriate amount to be awarded. *See Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000). To determine the amount, the court calculates the "lodestar" by multiplying the number of hours reasonably spent on the case by a reasonably hourly rate. *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999). After determining the "lodestar," the court may adjust that number upward or downward based on a consideration of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The twelve *Johnson* factors are: (1) the time a labor required to represent the client; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11)

the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 117-19. But the lodestar may not be adjusted because of a *Johnson* factor if that factor was already subsumed in the lodestar. *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998).

**III.   DISCUSSION**

    **A.   Plaintiffs' Recoverable Attorneys' Fees: the "Lodestar"**

After the court determines that a plaintiff is entitled to attorneys' fees, it must calculate the appropriate amount to be awarded. *See Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). To determine the amount, the court calculates the "lodestar" by multiplying the number of hours reasonably spent on the case by a reasonably hourly rate. *Rutherford*, 197 F.3d at 192.

The court's first step is to determine the compensable hours listed in the attorneys' time records. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). The party seeking a fee award is charged with the burden of showing the reasonableness of the hours billed. *Saizan*, 448 F.3d at 799. Time charged for work that is "excessive, duplicative, or inadequately documented" should be disallowed. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Further, the burdened party must also show that billing judgment was exercised. *Saizan*, 448 F.3d at 799. Once the compensable time is determined, the court's second step is to select "an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." *Shipes*, 987 F.2d at 319. Again, the party seeking fees bears the burden of establishing the market rate and should present the court with evidence showing the reasonableness of the proposed rate. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996).

4

The following "lodestar" analysis proceeds by addressing each of the issues Chesapeake raises with respect to Plaintiffs' calculation of its proposed attorneys' fees. In Plaintiffs' motion for attorneys' fees, Plaintiffs requested an award of attorneys' fees of $497,429. After considering the parties' arguments and applying the applicable law, the Court calculates the "lodestar" amount below by adjusting Plaintiffs' requested hours and fees.

### 1. *Reducing Recoverable Hours for Unsuccessful Work*

In its Findings of Fact and Conclusion of Law, the Court concluded that Plaintiffs' should prevail on their breach of contract claim and denied Plaintiffs' reformation claim. The Court also did not reach a decision on Plaintiffs' other equitable and statutory claims. Therefore, Plaintiffs' promissory estoppel claim, statutory fraud claim, and common-law fraud claim were denied as moot. Defendants did not provide any specific analysis on how the attorneys' fee should be reduced for unsuccessful work. This may be because Plaintiffs' requested recovery only for the hours incurred on the prosecution of the breach of contract claims or for hours incurred when effort spent on other claims was inextricably intertwined with prosecution of the breach of contract claim such that the hours could not be separated. Specifically, Plaintiffs reduced the requested recovery by a percentage for each timekeeper. (Dkt. No. 134 at 3.) The Court finds that the proposed reduction was not contested by Defendants and is reasonable. Accordingly, the Court adopts Plaintiffs' proposed percentage reductions.

### 2. *Reducing Recoverable Hours for Lack of Billing Judgment*

Defendants argue that the lodestar should be reduced because Plaintiffs have not exercised billing judgment, and the Court agrees. The burdened party must also show that billing judgment was exercised. *Saizan*, 448 F.3d at 799. "Billing judgment requires documentation of the hours charged and the hours written off as unproductive, excessive, or

redundant." *Id.* If evidence of billing judgment is not submitted, a fee award should be reduced accordingly by a percentage intended to substitute for the exercise of billing judgment. *Id.* The Court agrees that billing judgment has not been exercised by Plaintiffs. Plaintiffs do not note a single minute that was written off as unproductive, excessive, or redundant. Therefore, the Court reduces the lodestar by reducing the fee award by five (5) percent. This reduction is calculated last after any reductions from other factors.

      3.      *Reducing Recoverable Hours for Inadequately Documented Time*

Defendants argue that Plaintiffs' recoverable hours should be reduced because their time entries have been redacted to such a degree that they fail to satisfy their burden of proving that the work performed was related to this case and that the time billed for such work was reasonable and necessary. Specifically, Defendants argue that Plaintiffs recoverable hours should be reduced by 20%. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.")

The Court originally sustained Defendants objection, but allowed Plaintiffs to supplement the record by submitting for *in camera* inspection their unredacted billing records. (Dkt. No. 155.) Plaintiffs submitted their unredacted billing records on September 2, 2011. The Court has thoroughly reviewed the unredacted billing records and compared them to the detailed objections provided by Defendants in their response to the motion. (Dkt. No. 145-1.) The Court finds that the unredacted billing records are neither vague nor inadequate. Accordingly, the Court refuses to reduce the recoverable hours for this reason.

      4.      *Reducing Recoverable Hours for Billing for Clerical Work*

Defendants argue that the Court should reduce the recoverable hours because the plaintiffs have improperly billed for clerical work. "[P]urely clerical or secretarial tasks should

not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). Paralegal fees can be recovered "only to the extent that the paralegal performs work traditionally done by an attorney." *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982). Likewise, when an attorney performs clerical work it is not recoverable at an attorney's rate. *See Johnson*, 488 F.2d at 717. Having carefully reviewed the challenged entries of Defendants, the Court determines that the requested recovery should be reduced by $17,885 for billed clerical work.

For example, Plaintiffs seek $1035.00 for Ms. Parker's time described as "Clean workroom and organize same; review of database for particular email; telephone conference with hotel sales office regarding upgrading room." (Dkt. No. #132-1 at 60, entry by MP on 09/21/10.) Likewise, Plaintiffs seek $1265.00 in part for Ms. Parker's "[t]elephone conference with sales representative for Fairfield Inn, Marshall, TX, regarding reservations for rooms during trial; receipt of group reservation agreement and attention to execution of same." (Dkt. No. #132-1 at 55, entry by MP on 09/7/10.) Similarly, Plaintiffs seek some portion of $1495.00 and $1610.00, respectively, for Ms. Parker's work on reserving hotel rooms and "prepar[ing] copies of depositions." (Dkt. No. #132-1 at 56, entry by MP on 09/9/10 and 9/10/10.) The court will not award fees for this type of clerical work, and reduces the requested recovery by $17,885 for billed clerical work.

     5.    *Reducing Recoverable Hours for Overstaffing and Duplicative Billing*

Defendants argue the Court should reduce the recoverable hours for overstaffing and duplicative billing. The Court disagrees. When more than one attorney works on a case, the court may consider if the work by other attorneys was duplicative or unnecessary. *See Curtis v. Bill Hanna Ford, Inc.*, 822 F.2d 549, 552 (5th Cir. 2987). Defendants generally argue that there

were occasions were more than one timekeeper attended a deposition or a meeting. The Court concludes that having more than one timekeeper attend depositions or meetings was reasonable in this case. Accordingly, the Court concludes that no reduction is necessary for overstaffing and duplicative billing.

      6.    *Reducing Recoverable Hours for Travel Time*

Defendants also argue that the attorneys' fees for travel time should be reduced by 50%. The Court agrees. Plaintiffs have not met their burden of showing that the general rule in the Fifth Circuit is to bill at the attorney's full hourly rate for travel. Defendants have provided cases that stand for the proposition that it is the common practice within the Fifth Circuit to bill at a 50% reduced rate for travel. *See, e.g.*, *Lewallen v. City of Beaumont*, Civ. No. 1:05-cv-733-TH, 2009 WL 2175637, at *10 (E.D. Tex. July 20, 2009) ("In the fee-shifting context, compensating travel time at 50% of actual time is a common practice within the Fifth Circuit"), *aff'd in part*, 2010 WL 3303756, at *7 (5th Cir. 2010) (affirming the district court's award of costs and fees but reversing and rendering on other grounds). Because Plaintiffs have not met their burden of showing the common practice in the area is to charge full rates for travel time and Defendants have provided contrary authority, the Court reduces Plaintiffs' attorneys' fee award by 50% for travel time. After thoroughly reviewing the billing records, the Court has determined that the total amount of travel time billed was $43,400. Accordingly, the Court reduces the requested recovery by $21,700 for billed travel time.

      7.    *Adjusting the Attorneys' Hourly Rates*

Defendants challenge the hourly rates by Plaintiffs' attorneys. The appropriate hourly rate is generally established through affidavits of other attorneys practicing in the community. *Tollett v. City of Kemah*, 285 F.3d 357, 368-69 (5th Cir. 2002). In addition, the trial court may

use its own expertise and judgment to independently assess the value of an attorney's services. *Davis v. Bd. of Sch. Commr's of Mobile County*, 526 F.2d 865, 868 (5th Cir. 1976). "Plaintiff must produce evidence showing that the hourly rates claimed in the fee application are in line with those charged in the Eastern District of Texas for similar services by lawyers of similar skill, experience and reputation." *Lewallen*, 2009 WL 2175637, at *10, *aff'd in part*, 2010 WL 3303756, at *7 (5th Cir. 2010) (affirming the district court's award of costs and fees but reversing and rendering on other grounds).

The Court originally sustained Defendants objection, but allowed Plaintiffs to submit affidavits from other attorneys in the community showing the prevailing hourly market rates in the community. (Dkt. No. 155.) Plaintiffs submitted affidavits from Eric Albritton, Bo Davis, and Otis Carroll to support their claim for attorneys' fees. Defendants argue that these affidavits should not be considered because they constitute nothing more than unsubstantiated speculation, do not apply to this relatively straightforward contract dispute, and are undermined by Plaintiffs' own evidence. The Court disagrees and finds that Plaintiffs have produced sufficient evidence showing the hourly rates they claim are reasonable. Therefore, the Court concludes that the reasonable hourly rate for attorneys Schumacher, Hastings, and Castaneda is $400/hr; the reasonable hourly rate for attorney Stevens is $300/hr; the reasonable hourly rate for attorneys Tiblets and Hansen is $200/hr; and the reasonable hourly rate for paralegal Parker is $175.

8.  *Calculating the Lodestar*

Based on Plaintiffs' table of billable hours on this case and the various reductions discussed by the Court above, the Court calculates the lodestar as follows:

| Lodestar Calculation | |
|---|---:|
| Plaintiffs' initial requested fees[1] | $497,429.00 |
| Reduction for travel time[2] | $21,700.00 |
| Reduction for clerical work[3] | $17,885.00 |
| Subtotal = | $457,844.00 |
| Reduction for lack of billing judgment (5%)[4] | $22,829.20 |
| **Lodestar =** | **$434,951.80** |

**B.   Adjusting the "Lodestar" Based on the *Johnson* Factors**

There is a strong presumption that the calculated lodestar is the reasonable fee and should only be modified in exceptional cases. *Saizan,* 448 F.3d at 800 (citing *Heidtman v. County of El Paso,* 171 F.3d 1038, 1043 (5th Cir.1999)).  However, the lodestar may be adjusted upward or downward based on a consideration of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). *Id.* at 717-19; *Watkins,* 7 F.3d at 457.  But the lodestar may not be adjusted due to a *Johnson* factor if the creation of the lodestar amount

---

[1] The $497,429 figure is from Plaintiffs' submitted billable hours for attorneys' fees. (*See* Dkt. No. 134 at 3.) In some cases it is appropriate to calculate the recoverable attorneys' fees by determining the amount of recoverable hours and then multiplying the rate by the number of hours. *See Shipes*, 987 F.2d at 319 (outlining the two-step process).  In this case, however, because Plaintiffs' billable time sheet included thousands of time entries with multiple timekeepers, instead of re-calculating the lodestar from scratch, the Court starts with Plaintiffs' figure and reduces it as appropriate. *See Saizan*, 448 F.3d at 801 (affirming the trial court and noting that "the District Court reduced the award of attorney's fees in proportion to the difference between the initial prayer and the ultimate settlement amount").  In any event, the final result is the same.
[2] The calculation for the reduction for travel time is made by multiplying one half of the travel time for each timekeeper by the hourly rate for each timekeeper.
[3] The calculation for reduction due to clerical work is explained above in this order.
[4] This calculation was made by reducing the sub-total, after making the other reductions, by five percent.

already took that factor into account; to do so would be double counting. *Id.*

In *Perdue v. Kenny A. ex rel. Winn,* 130 S. Ct. 1662, 1672 (2010), the Supreme Court articulated "six important rules" establishing a framework for determining whether an enhancement to attorneys' fees is appropriate. First, a fee is "reasonable" if it is sufficient to induce capable attorneys to undertake the representation of meritorious claims involving a fee-shifting statute, "but that does not produce windfalls to attorneys." *Id*. at 1672. Second, there is a "strong" presumption that the lodestar reflects a reasonable fee and thus should not be adjusted. *Id*. at 1673. Third, enhancements may be awarded only in "rare and exceptional circumstances." *Id*. (citations omitted). Fourth, "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee" and "an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation." *Id*. (citations omitted). Fifth, the fee applicant has the "burden of proving that an enhancement is necessary." *Id*. (citations omitted). Finally, the fee applicant must produce "specific evidence" that supports an enhancement. *Id*. (citing *Blum v. Stenson*, 465 U.S. 886, 899, 901, 104 S. Ct. 1541 (1984) ("An enhancement must be based on 'evidence that enhancement was necessary to provide fair and reasonable compensation.'")).

In the current case, the Court finds that the calculated lodestar is the reasonable fee and should not be adjusted based on the *Johnson* factors. Plaintiffs have failed to provide specific evidence that this is a rare and exceptional circumstance that merits adjusting the calculated lodestar. Accordingly, the Court concludes that the lodestar calculated by the Court need not be altered based on the *Johnson* factors. Plaintiffs are awarded $434,951.80 in attorney's fees

    C.    **Award of Costs**

The parties have stipulated that the costs of $19,851.92 that is recorded on the Bill of

Costs are properly chargeable to Defendants. (Dkt. No. 139.) The Court finds that these costs are properly chargeable to Defendants and orders the clerk of the court to tax costs in the amount of $19,851.92 against Defendants. Accordingly, the Court awards costs to Plaintiff of 19,851.92.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS-in-part Plaintiffs' motions and holds that Plaintiffs should recover $434,951.80 in attorneys' fees and $19,851.92 in costs.

IT IS SO ORDERED.

SIGNED this 15th day of September, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE